# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

YOUSIF BAHNAM and )
AYAD SAKA )
 )
on behalf of themselves )
and others similarly situated, )         Jury Trial Requested
 )
     Plaintiffs, )
 )         Case no: 2:24-cv-10782
vs. )
 )
GEORGE ABRO and )
MORTGAGEPROS, L.L.C. )
 )
     Defendants. )

## COMPLAINT
### Collective Action under the Fair Labor Standards Act
### Rule 23 Class Claim under Michigan Workforce Opportunity Wage Act

**COME NOW**, the Plaintiffs Yousif Bahnam and Ayad Saka, on behalf of themselves and all others similarly situated, by and through their attorneys and bring this action against Defendants George Abro and MortgagePros, L.L.C. (hereafter "Defendants"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Michigan Workforce Opportunity Wage Act, M.L.C.A. § 408.411, *et seq*. ("MWOWA")  Plaintiffs' respective FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action under Rule 23 of the Federal Rules of Civil Procedure for the following groups of similarly situated employees: Loan Processors, Lead Generators, Loan Partners, Mortgage Loan Officers and Team Leads of Mortgage Loan Officers. The following

allegations are based on Plaintiffs' personal knowledge and information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2.    Venue is proper in the United States District Court for the Eastern  District of Michigan pursuant to 28 U.S.C. § 1391 because Defendants are a Michigan limited liability company; registered to do business in Michigan; maintain their corporate headquarters in Troy, Oakland County, Michigan; do business in this district; and because a substantial part of the events giving rise to the claims occurred in this district.

3.    Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiffs' state law claims because they are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

1.    Defendant George Abro is the "Organizer" of the Defendant MortgagePros, L.L.C. under Michigan's limited liability corporation statutes.  Mr. Abro is also the registered agent for MortgagePros with his address in this position being 880 West Long Lake Rd., Suite 300, Troy, Michigan 48098.  At all relevant times herein, and for Plaintiffs and other similarly situated employees, Mr. Abro held the power to hire and fire; supervised and controlled work schedules and/or conditions of employment; determined

rates and methods of pay including the responsibility to ensure compliance with the FLSA and MWOWA; and maintained employment records and/or held control over employment records.

2.      Defendant MortgagePros, L.L.C. is a Michigan limited liability corporation registered and in good standing in the state of Michigan.  Its principal place of business is located at 880 West Long Lake Rd., Suite 300, Troy, Oakland County, Michigan 48098.

3.      Defendants are engaged in interstate commerce by, among other things, selling mortgage loans and other financial products in multiple states, including Michigan. Upon information and belief, Defendants' gross annual sales made, or business done, has been $500,000 or greater at all relevant times.

4.      Defendants are, and have been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

5.      Defendants are, and have been, an "employer" as defined under MWOWA, M.C.L.A. § 408.411(d).

6.      Defendants are, and have been, joint employers for the Plaintiffs and all others similarly situated under both the FLSA and MWOWA.

7.      Plaintiff Yousif Bahnam is a resident of Macomb County, Michigan.  Mr. Bahnam worked as a "Lead Generator" for Defendants from on or about September 2022 through on or about October 2022.  Mr. Bahnam worked as a "Mortgage Loan Officer" (MLO) for Defendants from on or about October 2022 through on or about October 2023.

8.     Plaintiff Ayad Saka is a resident of Oakland County, Michigan.  Mr. Saka worked as a "Loan Processor" for Defendants from on or about April/May 2021 through on or about January 2022.  Mr. Saka worked as a "Loan Partner" for Defendants from on or about January 2022 to August 2022.  From on or about August 2022 through on or about October 2022, Mr. Saka worked as an MLO.  From October 2022 through April 2023, Mr. Saka continued working as a MLO but in a "Team Lead" position.

9.     Plaintiffs and others similarly situated are current or former "employees" under the FLSA of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

10.    Plaintiffs and others similarly situated are current or former "employees" of Defendants under MWOWA within the meaning of the M.L.C.A. § 408.411(c).

11.    Plaintiffs and others similarly situated have been employed by Defendants within three years prior to the filing of this lawsuit.  *See* 29 U.S.C. § 255(a); M.L.C.A. § 408.414a(1).

12.    Plaintiffs bring this action on behalf of themselves and other similarly situated employees as a collective class pursuant to 29 U.S.C. § 216(b) and as a putative class under Federal Rule of Civil Procedure 23.

## FACTUAL ALLEGATIONS

### *Mortgage Loan Officers*

13.    Plaintiffs Bahnam and Saka and others similarly situated worked as Mortgage Loan Officers ("MLO") for Defendants.  Throughout all relevant times herein, the Plaintiffs and other similarly situated MLOs worked out of Defendants' principal place of business located in Oakland County, Michigan.

14.     As MLOs, Plaintiffs Bahnam and Saka and others similarly situated had or have the primary duty of selling mortgage loan products to customers of Defendants. The work performed by Plaintiffs and others similarly situated is, and was, work directly related to mortgage sales and refinances. This primary duty established the Plaintiffs and others similarly as being entitled to overtime pay under the FLSA and MWOWA at the rate of one and one-half their regulation rate of pay for all hours worked in excess of forty per workweek. *See* 29 U.S.C. § 207(a)(1), M.C.L.A. § 408.412(1).

15.     As MLOs, Plaintiffs Bahnam and Saka and others similarly situated were not exempt from overtime under either the executive, administrative or professional capacity— or any other— exemptions to overtime pay under the FLSA or MWOWA. *See* 29 U.S.C. § 213(a)(1), M.C.L.A. § 408.412(4).

16.     Defendants had a common policy or plan on how all MLOs were compensated in violation of the FLSA and MWOWA which included the following:

a.     Defendants did not require nonexempt MLOs such as Plaintiffs and others similarly situated to properly and accurately report all hours worked for purposes of overtime compensation in violation of the FLSA and MWOWA. *See* 29 U.S.C. § 211(c), M.C.L.A. § 408.412(8)(d);

b.     Defendants compensated MLOs such as Plaintiffs and others similarly situated under a draw/salary basis whereby twice a month said employees would be paid a set dollar amount regardless of hours worked that was later treated as a draw and subtracted against future commissions earned.

c.      Defendants failed to compensate MLOs such as Plaintiffs and others similarly situated based on hours worked in a workweek, failed to compensate said employees at one and one-half their regular rate of pay for all hours worked in excess of forty per workweek, and failed to include commission income earned into the calculation of said employees' regular rate of pay.

d.      In essence, Defendants treated MLOs such as Plaintiffs and others similarly situated as nonexempt employees being compensated on a pure commission basis.

17.     All of the allegations set forth in paragraphs 13 through 16 apply (a) equally to any MLOs such as Plaintiff Saka and others similarly situated who worked as a Team Lead over any other MLOs, and (b) regardless of where the Plaintiffs and others similarly situated worked from, such as at Defendants' office location or from a home office.

18.     Throughout his employment, as an MLO, Plaintiff Bahnam regularly worked on average between 45-55 hours per week on a weekly basis.  This included working evenings, weekends, and from home.

19.     Throughout his employment, as an MLO, Plaintiff Saka regularly worked on average 65 hours per week on a weekly basis.  This included working evenings, weekends, and from home.

20.     From their daily interactions and observations with other MLOs who worked for the Defendants, the Plaintiffs observed these employees also routinely working in excess of forty hours per workweek.

21.     Defendants were aware, or should have been aware, that Plaintiffs and other

similarly situated MLOs performed work that required payment of overtime compensation, and that said employees were routinely working in excess of forty hours per workweek.

22.     Moreover, it is common knowledge within the financial mortgage industry that courts and the United States Department of Labor have found loan officers and loan processors to be non-exempt and entitled to overtime pay.

### *Loan Processors*

23.     Plaintiff Saka and others similarly situated worked as Loan Processors for Defendants.  Throughout all relevant times herein, the Plaintiff and other similarly situated Loan Processors worked out of Defendants' principal place of business located in Oakland County, Michigan.

24.     As Loan Processors, Plaintiff Saka and others similarly situated had or have the primary duty of requesting, collecting, and organizing documents/data related to the Defendants' sale of mortgage loan products to customers.  The work performed by Plaintiff and others similarly situated is, and was, work directly related to mortgage sales and refinances.  This primary duty established the Plaintiff and others similarly as being entitled to overtime pay under the FLSA and MWOWA at the rate of one and one-half their regular rate of pay for all hours worked in excess of forty per workweek. *See* 29 U.S.C. § 207(a)(1), M.C.L.A. § 408.412(1).

25.     As a Loan Processor, Plaintiff Saka and others similarly situated were not exempt from overtime under either the executive, administrative or professional capacity—

or any other— exemptions to overtime pay under the FLSA or MWOWA.  *See* 29 U.S.C. § 213(a)(1), M.C.L.A. § 408.412(4).

26.     Defendants had a common policy or plan on how all Loan Processors were compensated in violation of the FLSA and MWOWA which included the following:

a.     Defendants did not require nonexempt Loan Processors such as Plaintiff and others similarly situated to properly and accurately report all hours worked for purposes of overtime compensation in violation of the FLSA and MWOWA.  *See* 29 U.S.C. § 211(c), M.C.L.A. § 408.412(8)(d);

b.     Defendants compensated Loan Processors such as Plaintiff and others similarly situated under a salary basis whereby twice a month said employees would be paid a set dollar amount regardless of hours worked.

c.     Defendants failed to compensate Loan Processors such as Plaintiffs and others similarly situated based on hours worked in a workweek, failed to compensate said employees at one and one-half their regular rate of pay for all hours worked in excess of forty per workweek, and failed to include any other nondiscretionary bonus or commission income earned into the calculation of said employees' regular rate of pay.

d.     In essence, Defendants treated Loan Processors such as Plaintiff and others similarly situated as nonexempt salaried employees.

27.     All of the allegations set forth in paragraphs 24 through 26 apply (a) equally to any Loan Processor such as Plaintiff Saka and others similarly situated, and (b)

regardless of where the Plaintiff and others similarly situated worked from, such as at Defendants' office location or from a home office.

28.   Throughout his employment as a Loan Processor, Plaintiff Saka regularly worked on average between 50-55 hours per week on a weekly basis.  This included working evenings, weekends, and from home.

29.   From his daily interactions and observations with other Loan Processors who worked for the Defendants, the Plaintiff observed these employees also routinely working in excess of forty hours per workweek.

30.   Defendants were aware, or should have been aware, that Plaintiff and other similarly situated Loan Processors performed work that required payment of overtime compensation, and that said employees were routinely working in excess of forty hours per workweek.

31.   Moreover, it is common knowledge within the financial mortgage industry that courts and the United States Department of Labor have found Loan Processors to be non-exempt and entitled to overtime pay.

### *Loan Partners*

32.   Plaintiff Saka and others similarly situated worked as Loan Partners for Defendants.  Throughout all relevant times herein, the Plaintiff and other similarly situated Loan Partners worked out of Defendants' principal place of business located in Oakland County, Michigan.

33.     As Loan Partners, Plaintiff Saka and others similarly situated had or have the same primary duty as the MLOs.  In essence, Loan Partners were illegally working for the Defendants as unlicensed loan originators in violation of Secure and Fair Enforcement for Mortgage Licensing Act of 2008 (SAFE Act), 12 U.S.C. § 5101, *et seq*. The work performed by Plaintiff and others similarly situated is, and was, work directly related to mortgage sales and refinances.  This primary duty established the Plaintiff and others similarly situated as being entitled to overtime pay under the FLSA and MWOWA at the rate of one and one-half their regulation rate of pay for all hours worked in excess of forty per workweek. *See* 29 U.S.C. § 207(a)(1), M.C.L.A. § 408.412(1).

34.     As a Loan Partner, Plaintiff Saka and others similarly situated were not exempt from overtime under either the executive, administrative or professional capacity— or any other— exemptions to overtime pay under the FLSA or MWOWA.  *See* 29 U.S.C. § 213(a)(1), M.C.L.A. § 408.412(4).

35.     Defendants had a common policy or plan on how all Loan Partners were compensated in violation of the FLSA and MWOWA which included the following:

a.     Defendants did not require nonexempt Loan Partners such as Plaintiff and others similarly situated to properly and accurately report all hours worked for purposes of overtime compensation in violation of the FLSA and MWOWA.  *See* 29 U.S.C. § 211(c), M.C.L.A. § 408.412(8)(d);

b.     Defendants compensated Loan Partners such as Plaintiff and others similarly situated under a draw/salary basis whereby twice a month said employees

would be paid a set dollar amount regardless of hours worked that was later treated as a draw and subtracted against future commissions earned.

      c.     Defendants failed to compensate Loan Partners such as Plaintiff and others similarly situated based on hours worked in a workweek, failed to compensate said employees at one and one-half their regular rate of pay for all hours worked in excess of forty per workweek, and failed to include commission income earned into the calculation of said employees' regular rate of pay.

      d.     In essence, Defendants treated Loan Partners such as Plaintiffs and others similarly situated as nonexempt employees being compensated on a pure commission basis.

36. All of the allegations set forth in paragraphs 33 through 35 apply (a) equally to any Loan Partners such as Plaintiff Saka and others similarly situated, and (b) regardless of where the Plaintiff and others similarly situated worked from, such as at Defendants' office location or from a home office.

37. Throughout his employment as a Loan Partners, Plaintiff Saka regularly worked on average 60 hours per week on a weekly basis. This included working evenings, weekends, and from home.

38. From his daily interactions and observations with other Loan Partners who worked for the Defendants, the Plaintiff observed these employees also routinely working in excess of forty hours per workweek.

39. Defendants were aware, or should have been aware, that Plaintiff and other similarly situated Loan Partners performed work that required payment of overtime

compensation, and that said employees were routinely working in excess of forty hours per workweek.

40.     Moreover, it is common knowledge within the financial mortgage industry that courts and the United States Department of Labor have found persons performing loan origination work to be non-exempt and entitled to overtime pay.

### *Lead Generator*

41.     Plaintiff Bahnam and others similarly situated worked as Lead Generators for Defendants.  Throughout all relevant times herein, the Plaintiff and other similarly situated Lead Generators worked out of Defendants' principal place of business located in Oakland County, Michigan.

42.     As a Lead Generator, Plaintiff Bahnam and others similarly situated had or have the primary duty of contacting and communicating with potential customers (*i.e.,* leads) who may be interested in obtaining mortgage loan products from the Defendants.  If said potential customer was interested in further exploring the acquisition of any mortgage product from Defendants, the Lead Generators such as Plaintiff would hand them off to an MLO or Loan Partner.  The work performed by Plaintiff and others similarly situated is, and was, work directly related to mortgage sales and refinances.  This primary duty established the Plaintiff and others similarly situated as being entitled to overtime pay under the FLSA and MWOWA at the rate of one and one-half their regulation rate of pay for all hours worked in excess of forty per workweek. *See* 29 U.S.C. § 207(a)(1), M.C.L.A. § 408.412(1).

43.     As a Lead Generator, Plaintiff Bahnam and others similarly situated were not exempt from overtime under either the executive, administrative or professional capacity— or any other— exemptions to overtime pay under the FLSA or MWOWA.  *See* 29 U.S.C. § 213(a)(1), M.C.L.A. § 408.412(4).

44.     Defendants had a common policy or plan on how all Lead Generators were compensated in violation of the FLSA and MWOWA which included the following:

   a.     Defendants did not require nonexempt Lead Generators such as Plaintiff and others similarly situated to properly and accurately report all hours worked for purposes of overtime compensation in violation of the FLSA and MWOWA.  *See* 29 U.S.C. § 211(c), M.C.L.A. § 408.412(8)(d);

   b.     Defendants compensated Lead Generators such as Plaintiff and others similarly situated under a salary basis whereby twice a month said employees would be paid a set dollar amount regardless of hours worked.

   c.     Defendants failed to compensate Lead Generators such as Plaintiff and others similarly situated based on hours worked in a workweek, failed to compensate said employees at one and one-half their regular rate of pay for all hours worked in excess of forty per workweek, and failed to include any other nondiscretionary bonus or commission income earned into the calculation of said employees' regular rate of pay.

   d.     In essence, Defendants treated Lead Generators such as Plaintiff and others similarly situated as nonexempt salaried employees.

45.     All of the allegations set forth in paragraphs 42 through 44 apply (a) equally to any Lead Generators such as Plaintiff Bahnam and others similarly situated, and (b) regardless of where the Plaintiff and others similarly situated worked from such as at Defendants' office location or from a home office.

46.     Throughout his employment as a Lead Generator, Plaintiff Bahnam regularly worked over 40 hours per week on a weekly basis.

47.     From his daily interactions and observations with other Lead Generators who worked for the Defendants, the Plaintiff observed these employees also routinely working in excess of forty hours per workweek.

48.     Defendants were aware, or should have been aware, that Plaintiff and other similarly situated Lead Generators performed work that required payment of overtime compensation, and that said employees were routinely working in excess of forty hours per workweek.

## COUNT I
## FLSA COLLECTIVE ACTION

49.     Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

50.     The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

51.     Under 29 U.S.C. § 216(b), the Plaintiffs file this action on behalf of themselves and all individuals similarly situated.  The proposed FLSA collective classes are defined as follows:

>   All persons who worked as an MLO (or with a similar job title) for Defendants beginning at the date of three years from the filing of this Complaint forward (the "Loan Officer FLSA Collective").

>   All persons who worked as a Loan Processor (or with a similar job title) for Defendants beginning at the date of three years from the filing of this Complaint forward (the "Loan Processor FLSA Collective").

>   All persons who worked as a Loan Partner (or with a similar job title) for Defendants beginning at the date of three years from the filing of this Complaint forward (the "Loan Partner FLSA Collective").

>   All persons who worked as a Lead Generator (or with a similar job title) for Defendants beginning at the date of three years from the filing of this Complaint forward (the "Lead Generator FLSA Collective").

52.     As set forth in this Count, the Loan Officer FLSA Collective, Loan Processor FLSA Collective, Loan Partner FLSA Collective and Lead Generator FLSA Collective are collectively referred to as the "FLSA Collective Class Members."

53.     Plaintiff Bahnam and Saka have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiffs' signed consent forms are attached as Exhibit A.

54.     During the applicable statutory period, Plaintiffs and the FLSA Collective Class Members routinely worked in excess of forty (40) hours per workweek without

receiving overtime compensation as required under the FLSA in violation of 29 U.S.C. § 207(a)(1).

55.     Plaintiff and the FLSA Collective Class Members are victims of Defendants' widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have caused significant damage to Plaintiffs and the FLSA Collective Class Members.

56.     Defendants suffered and permitted Plaintiffs and the FLSA Collective Class Members to routinely work more than forty (40) hours per week without overtime compensation.

57.     By failing to accurately record, report, and/or preserve records of all hours worked by Plaintiffs and the FLSA Collective Class Members, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

58.     As an employer, Defendants engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint by failing to pay its employees such as Plaintiffs and the FLSA Collective Class Members overtime compensation.

59.     Defendants knew, or showed reckless disregard for the fact, that they failed to pay the FLSA Collective Class Members overtime in violation of the FLSA.

60.     Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

61.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective Class Members which directly caused damages.  This includes compensating the Plaintiffs and the FLSA Collective Class Members for all overtime owed but not paid, liquidated damages in an amount equal to the overtime owed, and their attorneys' fees and expenses for pursuing this claim.  *See* 29 U.S.C. § 216(b).

62.     There are numerous similarly situated current and former FLSA Collective Class Members who have suffered from Defendants' common policies and plans of misclassifying who would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  These FLSA Collective Class Members are known to Defendants and are readily identifiable through Defendants' records.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and others similarly situated, pray for relief as follows:

a)      Designation of this action as a collective action on behalf of the Loan Officer FLSA Collective, Loan Processor FLSA Collective, Loan Partner FLSA Collective and Lead Generator FLSA Collective and the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all such members apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b)      Judgment against Defendants finding they misclassified Plaintiffs and those similarly situated as exempt;

c)      Judgment against Defendants for Plaintiffs and those similarly situated for unpaid overtime wages;

d)      An amount equal to their damages as liquidated damages;

e)      A finding that Defendants' violations of the FLSA are willful;

f)       All costs and attorneys' fees incurred prosecuting this claim;

g)       An award of prejudgment interest (to the extent liquidated damages are not awarded);

h)       Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i)       Leave to amend to add additional state law claims; and

j)       All further relief as the Court deems just and equitable.

## COUNT II
## RULE 23 CLASS ACTION UNDER MWOWA

63.     Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

64.     Plaintiffs bring their Michigan Workforce Opportunity Wage Act, M.C.L.A. § 408.411, *et seq.* ("MWOWA") claim as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following classes:

All persons who worked as an MLO (or with a similar job title) for Defendants beginning at the date of three years from the filing of this Complaint forward (the "Loan Officer Rule 23 Class").

All persons who worked as a Loan Processor (or with a similar job title) for Defendants beginning at the date of three years from the filing of this Complaint forward (the "Loan Processor Rule 23 Class").

All persons who worked as a Loan Partner (or with a similar job title) for Defendants beginning at the date of three years from the filing of this Complaint forward (the "Loan Partner Rule 23 Class").

All persons who worked as a Lead Generator (or with a similar job title) for Defendants beginning at the date of three years from the filing of this Complaint forward (the "Lead Generator Rule 23 Class").

65.     As set forth in this Count, the Loan Officer Rule 23 Class, Loan Processor Rule 23 Class, Loan Partner Rule 23 Class and Lead Generator Rule 23 Class are collectively referred to as the "Rule 23 Class Members."

66.     The MWOWA, M.C.L.A. § 408.412(1), requires that all employers such as Defendants pay employees such as Plaintiffs and the Rule 23 Class Members overtime wages at one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.

67.     Defendants violated the MWOWA by failing to compensate Plaintiff and the Rule 23 Class Members with overtime pay.

68.     Class action treatment of Plaintiffs' MWOWA claim is appropriate because, as alleged in paragraphs 69-75, *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

69.     The Rule 23 Class Members include over 100 individuals and, as such, is so numerous that joinder of all class members is impracticable.

70.     Plaintiff Bahnam is a member of the Loan Officer Rule 23 Class and the Lead Generator Rule 23 Class, and his MWOWA claim is typical of the claims of these other class members.  For example, Plaintiff Bahnam and the Loan Officer Rule 23 Class and the Lead Generator Rule 23 Class share an identical legal and financial interest in obtaining a judicial finding that Defendants violated the MWOWA when they failed to pay overtime compensation for hours worked over forty in each workweek.  Plaintiff has no interests that are antagonistic to or in conflict with the Loan Officer Rule 23 Class and the Lead Generator Rule 23 Class interests in obtaining such a judicial finding.

71.     Plaintiff Saka is a member of the Loan Officer Rule 23 Class, the Loan Processor Rule 23 Class, and the Loan Partner Rule 23 Class, and his MWOWA claim is typical of the claims of these other class members.  For example, Plaintiff Saka and Loan Officer Rule 23 Class, the Loan Processor Rule 23 Class, and the Loan Partner Rule 23 Class share an identical legal and financial interest in obtaining a judicial finding that Defendants violated the MWOWA when they failed to pay overtime compensation for hours worked over forty in each workweek.  Plaintiff has no interests that are antagonistic to or in conflict with the Loan Officer Rule 23 Class, the Loan Processor Rule 23 Class, and the Loan Partner Rule 23 Class interests in obtaining such a judicial finding.

72.     Both Plaintiffs will fairly and adequately represent the interests of these respective Rule 23 Class Members, and they have retained competent and experienced counsel who will effectively represent the interests of these classes.

73.     Questions of law and fact are common to these classes.  Plaintiffs and the Rule 23 Class Members have been subjected to the common business practices described in paragraphs 16, 26, 35, 44 and 66-67, *supra*, and the success of their claims depends on the resolution of common questions of law and fact.  Common questions of fact include whether Defendants paid overtime wages for hours worked in excess of forty per work week, and whether Plaintiffs and the Rule 23 Class Members worked in excess of forty hours per work week.  Common questions of law include, *inter alia*, whether Defendants' company-wide practice of failing to pay the Rule 23 Class Members overtime pay violated the MWOWA.

74.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Rule 23 Class Members.

75.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 73, *supra*, predominate over any questions affecting only individual Rule 23 Class Members.  In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

76.    As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Rule 23 Class Members have suffered, and will continue to suffer, a loss of income in the form of lost overtime pay.  In turn, under M.C.L.A. § 408.414a(1)(a), Plaintiffs and the Rule 23 Class Members are entitled to lost overtime pay, liquidated damages, attorneys' fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and Loan Officer Rule 23 Class, Loan Processor Rule 23 Class, Loan Partner Rule 23 Class, and Lead Generator Rule 23 Class, pray for relief as follows:

a)   Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the respective Loan Officer Rule 23 Class, Loan Processor Rule 23 Class, Loan Partner Rule 23 Class, and Lead Generator Rule 23 Class and issuance of notice to said members apprising them of the pendency of this action;

b)   Designation of Yousif Bahnam and Anthony Saka as Representative Plaintiffs for the Loan Officer Rule 23 Class; Anthony Saka as Representative Plaintiff for the Loan Processor Rule 23 Class and Loan Partner Rule 23 Class; and Yousif Bahnam as Representative Plaintiff for the Lead Generator Rule 23 Class

c)   Designation of Donelon, P.C. as the attorneys representing Rule 23 Class Members;

d)   A declaratory judgment that the practices complained of herein are unlawful under the MWOWA;

e)   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f)   An award of damages for overtime due to Plaintiffs and Rule 23 Class Members, including liquidated damages allowed under the MWOWA to be paid by Defendants;

g)   Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h)   Pre-Judgment and Post-Judgment interest, as provided by law; and

i)   Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs in the above captioned matter hereby demand a jury trial for all claims set forth herein.

Respectfully Submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:   (816) 221-7100
Fax:   (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig*
6642 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:   (314) 297-8385
Fax:   (816) 709-1044
dan@donelonpc.com

*bar application forthcoming

**Attorneys for Plaintiffs**